UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DONALD L. JONES, | § | |
| | § | CIVIL ACTION NO. 3:10-CV-2226-B |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| TEACHER RETIREMENT SYSTEM | § | |
| OF TEXAS, et. al., | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Garnishee Teacher Retirement System of Texas' ("TRS") Original Answer and Objection to Plaintiff United States of America's Application for Writ of Garnishment (doc. 22) and Plaintiff United States of America's Response to the Teacher Retirement System of Texas's Original Answer and Objection to Writ of Garnishment (doc. 26). Having considered the Objection, the Court finds that it should be **OVERRULED** for the reasons discussed below.

I.

BACKGROUND

Defendant Donald L. Jones ("Jones") pled guilty to Conspiracy to Commit Wire Fraud and Bank Fraud on November 5, 2008, and the District Court entered a criminal judgment ordering Jones to pay $2,710,843.64 in restitution jointly and severally with several co-defendants. (App. to

- 1 -

Pl.'s Resp. 1-11). Jones was also ordered to pay a $100 special assessment. (*Id.* at 14). The criminal judgment established an installment payment plan for the restitution payments, stating that monthly installment payments are "to commence 60 days…after release from imprisonment to a term of supervision." (*Id.*). Jones is currently incarcerated. (TRS's Objection ¶ 5). As of October 14, 2010, Jones had paid $68,789.12 of restitution. (Pl.'s Resp. 2). Restitution in the amount of $2,642,054.52 remains to be paid. (*Id.*). On November 4, 2010, the United States Government filed an Application for Writ of Garnishment (doc. 1) to enforce a judgment against Defendant Donald L. Jones ("Jones"). (Pl.'s Appl. Writ of Garnishment 1). This Court ordered that the Writ of Garnishment be issued on November 9, 2010 (doc. 6). (Ct.'s Order 1-2). TRS objected to the Writ of Garnishment on January 31, 2011 (doc. 22), and the Government responded to the objection on February 14, 2011 (doc. 26).

## II.

## ANALYSIS

In its objection to the Writ of Garnishment, TRS argues that garnishment is improper because Jones is still incarcerated, and because the Judgment's Schedule of Payments states that payments are to begin 60 days after Jones is released from incarceration. (TRS's Objection ¶¶ 4-6). In response, the Government argues that it is not confined to the terms of judicially-crafted payment plans to enforce criminal judgments. (Pl.'s Resp. 2-4).

The relevant case law overwhelmingly supports the Government's position. In *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007), the Fifth Circuit held that the government properly sought immediate payment of restitution through a writ of garnishment despite language in the criminal judgment setting up an installment payment plan. Since *Ekong*, courts have consistently

recognized the Government's ability to collect restitution payments independent from and outside the limits of judicially-created payment schedules. *United States v. Urso*, No. 3:08-CV-1230-L, 2009 WL 2999521, at *2 (N.D. Tex. Sept. 18, 2009) (rejecting Defendant's argument that "immediate payment of restitution is not required because the judgment specified that it be paid in installments"); *United States v. Shusterman*, No. 08-2030, 2009 WL 1727093, at *2 (3d. Cir. June 19, 2009) (holding that the District Court properly allowed the government to enforce a writ of garnishment in addition to the installment plan established for restitution payments); *United States v. Clayton*, 646 F.Supp.2d 827, 835 (E.D. La. Aug. 13, 2009) (finding that the government may use a variety of enforcement mechanisms, including writs of garnishment, to collect restitution payments even where there is a court-ordered payment schedule in place).

Based on these considerations, the Court finds that the writ of garnishment was properly issued. TRS's objection to the government's ability to issue the writ of garnishment based on the language of the court-ordered payment plan is therefore **OVERRULED.** The government may garnish 25% of Jones's monthly annuity payments in accordance with 18 U.S.C. § 3613(a) and 15 U.S.C. §1673(a)(1).

**SO ORDERED.**

**SIGNED February 18, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE