UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | |
| DONALD L. JONES, | § | CIVIL ACTION NO. 3:10-CV-2226-B |
| Defendant, | § | |
| and | § | |
| TEACHER RETIREMENT SYSTEM OF TEXAS, et. al., | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Donald L. Jones and Defendant's Spouse Ruth Ann Jones's Objection to Writ of Garnishment and Request for Sanctions (doc. 29). Having considered the Objection, the Court finds that it should be **OVERRULED** for the reasons discussed below.

### I.

### BACKGROUND

Defendant Donald L. Jones ("Mr. Jones") pled guilty to Conspiracy to Commit Wire Fraud and Bank Fraud on November 5, 2008, and the District Court entered a criminal judgment ordering Mr. Jones to pay $2,710,843.64 in restitution jointly and severally with several co-defendants. (App. to Pl.'s Resp. 1-11). Mr. Jones was also ordered to pay a $100 special assessment. (*Id.* at 14). The criminal judgment established an installment payment plan for the restitution payments, stating that

monthly installment payments are "to commence 60 days…after release from imprisonment to a term of supervision." (*Id.*). Mr. Jones is currently incarcerated. (TRS's Objection ¶ 5). As of October 14, 2010, Mr. Jones had paid $68,789.12 of restitution. (Pl.'s Resp. 2). Restitution in the amount of $2,642,054.52 remains to be paid. (*Id.*). On November 4, 2010, the United States Government filed an Application for Writ of Garnishment (doc. 1) to enforce a judgment against Mr. Jones. (Pl.'s Appl. Writ of Garnishment 1). This Court ordered that the Writ of Garnishment be issued on November 9, 2010 (doc. 6). (Ct.'s Order 1-2). Mr. Jones and his spouse ("Mrs. Jones") objected to the Writ of Garnishment on February 14, 2011 (doc. 29), and the Government responded to the objection on March 4, 2011 (doc. 35).

## II.

## ANALYSIS

In his Objection to the Writ of Garnishment, Mr. and Mrs. Jones argue that garnishment is improper because Mr. Jones is still incarcerated, and because the Judgment's Schedule of Payments states that payments are to begin 60 days after Mr. Jones is released from incarceration. (Def.'s Objection ¶¶ 3-4). Mr. and Mrs. Jones request a hearing on this issue, and seek sanctions against the United States for the alleged wrongful garnishment of Mrs. Jones's accounts. (Def.'s Objection ¶¶8, 12.) In response, the Government argues that the judgment against Mr. Jones is immediately enforceable. (Pl.'s Resp. 3-4). The Government further argues that garnishment of the Mrs. Jones's property is appropriate to the extent that property is community property with Mr. Jones. (Pl.'s Resp. 5-8.)

The relevant case law overwhelmingly supports the Government's position. In *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007), the Fifth Circuit held that the government properly

sought immediate payment of restitution through a writ of garnishment despite language in the criminal judgment setting up an installment payment plan. Since *Ekong*, courts have consistently recognized the Government's ability to collect restitution payments independent from and outside the limits of judicially-created payment schedules. *United States v. Urso*, No. 3:08-CV-1230-L, 2009 WL 2999521, at *2 (N.D. Tex. Sept. 18, 2009) (rejecting Defendant's argument that "immediate payment of restitution is not required because the judgment specified that it be paid in installments"); *United States v. Shusterman*, No. 08-2030, 2009 WL 1727093, at *2 (3d. Cir. June 19, 2009) (holding that the District Court properly allowed the government to enforce a writ of garnishment in addition to the installment plan established for restitution payments); *United States v. Clayton*, 646 F.Supp.2d 827, 835 (E.D. La. Aug. 13, 2009) (finding that the government may use a variety of enforcement mechanisms, including writs of garnishment, to collect restitution payments even where there is a court-ordered payment schedule in place). For these reasons, the Objection to the government's ability to issue the writ of garnishment based on the language of the court-ordered payment plan is therefore **OVERRULED.**

Mr. and Mrs. Jones further argue that Mrs. Jones's personal accounts were wrongfully garnished. The extent to which co-owned property is subject to garnishment is governed by state law. 28 U.S.C. §3205. In Texas, "[p]roperty possessed by either spouse…is presumed to be community property" unless proven to be separate property by "clear and convincing evidence." TEX. FAM. CODE §3.003 (Vernon 2006). Although a spouse cannot be held liable for debts incurred by the other spouse, "the non-liable spouse's interest in joint management and control community property is subject to execution to satisfy the debt." *United States v. Armstrong*, No. 3:04-CV-1852-H, 2005 WL 937857, at *5 (N.D. Tex. April 21, 2005) citing *Nelson v. Citizens Bank and Trust Co.*, 881

S.W. 2d 128, 131 (Tex. Civ. App.–Houston [1st Dist.] 1994, no writ.) The Fifth Circuit interprets Texas law as allowing restitution liens to attach to all joint-management community property, to the debtor's sole-management community property, and to one-half of the non-debtor spouse's sole-management community property. *See United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010); *Medaris v. United States*, 884 F.2d 832, 834 (5th Cir. 1989). The only property not subject to a restitution lien is the non-liable spouse's separate property. *See Loftis*, 607 F.3d at 178. "Separate property" is defined as property owned by the spouse before marriage, property received by gift, devise, or descent during marriage, or recovery for personal injuries sustained by the non-liable spouse during marriage. TEX. FAM. CODE §3.001 (Vernon 2006).

Mr. and Mrs. Jones argue that the assets of Mrs. Jones were improperly garnished in this action. (Def.'s Objection ¶12.) However, Mrs. Jones has failed to establish by clear and convincing evidence that she has a separate property interest in any of the accounts against which a restitution lien has been established. Both Mr. Jones and Mrs. Jones have IRA and cash accounts held by Equity Trust Company ("Equity Accounts"). Because the Equity Accounts are presumptively sole-management community property, the Court finds that the United States is entitled to all of Donald Jones's IRA and cash account held by the Equity Trust Company, and one-half of the Ruth Ann Jones IRA and cash account held by the Equity Trust Company. The Court finds that the United States is entitled to one-half of the Bank of Texas account in the name of Ruth Ann Jones because it is also presumptively sole-management community property. Mr. and Mrs. Jones's Objection to the government's ability to issue the writ of garnishment based on a separate property theory is therefore **OVERRULED.**

Finally, Mr. and Mrs. Jones argue that Mrs. Jones is entitled to recover attorneys' fees because

- 4 -

Mr. Jones is still incarcerated, and because Mrs. Jones was not involved in the events leading to the judgment against him. (Def.'s Objection ¶¶9-12.) Mr. and Mrs. Jones fail to state the amount of fees being requested, or to submit any documentation supporting their request. Even if such evidence had been provided, Mr. and Mrs. Jones are barred from recovering attorneys' fees against the United States absent a waiver of sovereign immunity. *Ardestani v. United States Dept. of Justice*, 904 F.2d 1505, 1509 (11th Cir. 1990)(citation omitted). Nothing in the record suggests a waiver is present in this instance. Accordingly, the request for attorneys' fees is **DENIED.**

### III.

### CONCLUSION

For the reasons discussed above, garnishment of Mr. Jones's interests is proper despite his continued incarceration, and Mrs. Jones's interests are subject to garnishment to satisfy judgments against her husband in accordance with Texas community property laws. Having determined that the Writ of Garnishment was properly issued, the Court finds that the Objection should be and hereby is **OVERRULED.** The Court further finds that the request for attorneys' fees and the request for a hearing should be and hereby are **DENIED**.

**SO ORDERED.**

**SIGNED March 28, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE